UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ARLENE ALLEN, individually, | ) | |
| and derivatively on behalf of HUBTACK | ) | |
| INC., an Illinois corporation, | ) | |
| | ) | Case No. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREW PARKER, HARRIET PARKER, | ) | |
| and, HUBTACK, INC., a nominal party, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES Plaintiff, ARLENE ALLEN, individually and derivatively on behalf of

HUBTACK INC., an Illinois corporation, by and through their attorneys, BELLAS &

WACHOWSKI, and for their Complaint against Defendants, ANDREW PARKER, HARRIET

PARKER, and HUBTACK, INC., a nominal party, states as follows:

## NATURE OF THIS ACTION

1.      This derivative action is brought on behalf of HUBTACK INC., to remedy and to recover

damages sustained as a result of breach of fiduciary duties and minority oppression by the

President of HUBTACK INC.,

## PARTIES

2.      Plaintiff ARLENE ALLEN ("Allen") is a resident of Texas and at all times relevant to the

allegations contained herein is the holder of 46.41% common stock in HUBTACK INC.,

("HubTack" or "Company").

3.       HubTack is an Illinois corporation duly authorized to transact business in the State of

Illinois by the Illinois Secretary of State, with its principal place of business in Big Rock, Illinois.

4.      ANDREW PARKER and HARRIET PARKER ("Parker") are residents of Kane County,

Illinois and at all times relevant to the allegations contained herein is the holder of 46.41% common

stock in HubTack. ANDREW PARKER serves as the President of HubTack.

5.      HubTack is in the business of providing a subscription-based website for land surveyors

providing plat and land information in an online database.

## JURISDICTION AND VENUE

6.      Jurisdiction is proper due to the business being located in Illinois and the harm occurring

within the State of Illinois.

7.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the

events giving rise to the action arose here.

## DERIVATIVE NATURE OF ACTION

8.      Demand on the Board of Directors of HubTack to bring this suit against the individual

Defendant herein would be futile and useless act in that the Board of Directors is deadlocked.

The only two members of the Board of Directors are the parties to this action.

9.      The acts complained of herein constitute violations of fiduciary duties owed to HubTack

and its shareholders and oppression of a minority shareholder, and these acts are incapable of

ratification.

10.      As an officer and director of Circle, PARKER, recklessly and in intentional disregard for

the assets of HubTack, misused and wasted assets of HubTack.

11.      PARKER has engaged in burdensome, harsh, and wrongful conduct resulting in a lack of

probity and fair dealing in the Company's affairs and has departed from the standard of fair

dealing which has prejudiced ALLEN as a minority shareholder.

## COUNT I—DERIVATIVE CLAIM FOR BREACH OF FIDUCIARY DUTY

12.     Plaintiff incorporates by reference and realleges Paragraphs 1 thru 11 above as though fully set forth herein.

13.     PARKER as the President of HubTack is a fiduciary of HubTack and its shareholders and owes a duty to conduct the business of the Company loyally, faithfully, carefully, diligently, and prudently.

14.     PARKER as President of the Company became aware or should have become aware through reasonable inquiry and diligence, of the adverse facts alleged herein, but did nothing to correct them and thereby breached his duties of care, loyalty, accountability, and disclosure to shareholders of the Company by failing to act as an ordinary prudent person would have acted in a like position.

15.     PARKER, as President of the Company, has been responsible for the gross mismanagement of HubTack's assets.

16.     PARKER, as President of the Company, has taken actions which have resulted in the oppression of ALLEN as a minority shareholder.

17.     PARKER, as President of the Company, abdicated his corporate responsibilities in the Company in at least the following ways:

    a.     Intentionally diverted assets and revenue away from the Company and utilized same for the benefit of his own without recompense to HubTack;

    b.     Failed to increase the price of member's subscriptions to the website which has resulted in substantial revenue loss by HubTack; and

    c.     Inequitably distributions;

18. As a result of PARKER's wrongful conduct and wrongful actions, HubTack has suffered and will continue to suffer considerable damage.

19. PARKER, as President of the Company engaged in the aforesaid conduct in an intentional breach and/or reckless disregard of his fiduciary duties to HubTack and conspired to, and did, abuse the control vested in him by virtue of his position in HubTack.

20. By reason of the foregoing, PARKER as President of HubTack, breached his fiduciary obligations to HubTack and its shareholders, including the Plaintiff.

21. Hubtack and its shareholders have been injured by reason of PARKER's intentional breach and/or reckless disregard of his fiduciary duties to HubTack.

22. Plaintiff, as a shareholder and representative of HubTack seeks damages and other relief as hereinafter set forth.

WHEREFORE, Plaintiff, ARLENE ALLEN, individually and derivatively on behalf of HUBTACK, INC., demands judgment on behalf of HubTack as follows:

      a.     Against Defendant for restitution and/or damages in favor of Plaintiff on behalf of HubTack and its shareholders and awarding punitive and exemplary damages as appropriate in an amount to be proved at trial, plus pre-judgment interest.

      b.     Extraordinary equitable and/or injunctive relief as permitted by law and equity so as to ensure that Plaintiff and HubTack have an effective remedy and to prevent Defendant from conducting himself in the manner alleged herein for future purpose to the determinant of HubTack and its shareholders;

      c.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees, accountants', and experts' fees; and

d.      Awarding such other further relief as the Court deems just and appropriate under the circumstances.

### COUNT II—OPPRESSION OF MINORITY SHAREHOLDER

23.     Plaintiff incorporates by reference and realleges Paragraphs 1 thru 22 above as though fully set forth herein.

24.     PARKER, as President as President of the Company, has engaged in oppressive conduct with respect to ALLEN as a minority shareholder.

25.     PARKER, as President of the Company, has taken the following oppressive conduct:

a.      Conspiring and attempting to deprive ALLEN of her stock;

b.      Attempting to purchase ALLEN's stock at an unfair price;

c.      Firing ALLEN resulting in ALLEN's loss of any economic return from the Company;

d.      PARKER's denial of ALLEN's interest or voice in the corporation; and

e.      PARKER's bad faith financial manipulation to reduce the price of ALLEN's shares;

26.     As a result of PARKER's wrongful conduct and wrongful actions, HubTack has suffered and will continue to suffer considerable damage.

27.     PARKER's actions have resulted in the minority oppression of ALLEN.

28.     Plaintiff, as a shareholder and representative of HubTack seeks damages and other relief as hereinafter set forth.

WHEREFORE, Plaintiff, ARLENE ALLEN, individually and derivatively on behalf of HUBTACK, INC., demands judgment on behalf of HubTack as follows:

a.      Against Defendant for restitution and/or damages in favor of Plaintiff on

behalf of HubTack and its shareholders and awarding punitive and exemplary

damages as appropriate in an amount to be proved at trial, plus pre-judgment

interest.

b.      Extraordinary equitable and/or injunctive relief as permitted by law and

equity so as to ensure that Plaintiff and HubTack have an effective remedy and to

prevent Defendant from conducting himself in the manner alleged herein for

future purpose to the determinant of HubTack and its shareholders;

c.      Awarding Plaintiff the costs and disbursements of this action, including

reasonable attorneys' fees, accountants', and experts' fees; and

d.      Awarding such other further relief as the Court deems just and appropriate

under the circumstances.

### COUNT III—DISSOLUTION AND JUDICIAL SALE OF THE COMPANY PURSUANT TO SECTION 12.56 OF THE ILLINOIS BUSINESS CORPORATION ACT

29.     Plaintiff incorporates by reference and realleges Paragraphs 1 thru 28 above as though

fully set forth herein.

30.     805 ILCS 5/12.56 provides:

a.      In an action by a shareholder in a corporation that has no shares listed on a national securities exchange or regularly traded in a market maintained by one or more members of a national or affiliated securities association, the Circuit Court may order one or more of the remedies listed in subsection (b) if it is established that:

   (3)     The directors or those in control of the corporation have acted, are acting or will act in a manner that is illegal, oppressive, or fraudulent with respect to the petitioning shareholder whether in his capacity as a shareholder, officer, or director.

31.     As a Director and Officer of HubTack, PARKER has acted and constitutes to act in a

manner which is fraudulent and oppressive to ALLEN.

32.     As an Officer and Director of the Company, PARKER has a fiduciary duty to the

Company and its remaining shareholders to take all necessary actions to maximize the

profitability and success of the Company and refrain from conduct that is detrimental to the

Company and its remaining shareholders.

33.     PARKER abdicated his corporate responsibilities in the Company and acted in manner,

which was illegal, oppressive, or fraudulent towards ALLEN in at least the following ways:

    a.     Conspiring and attempting to deprive ALLEN of her stock;

    b.     Attempting to purchase ALLEN's stock at an unfair price;

    c.     Firing ALLEN resulting in ALLEN's loss of any economic return from the
           Company;

    d.     PARKER's denial of ALLEN's interest or voice in the corporation; and

    e.     PARKER's bad faith financial manipulation to reduce the price of ALLEN's
           shares;

34.     PARKER's actions, as set forth above, clearly frustrate the economic purpose of the

Company and were conducted in a manner which is illegal, oppressive, and fraudulent towards

ALLEN.

35.     Unless a sale of the Company is effectuated, PARKER will continue to act in a manner

that is detrimental to the interests of the Company and ALLEN.

36.     In view of the mismanagement of the Company and the misapplication and waste of

corporate assets, HubTack has been damaged and is unable to continue for the benefit of its

shareholders.

37.     ALLEN is entitled to have the Company dissolved.

WHEREFORE, Plaintiff, ARLENE ALLEN, individually and derivatively on behalf of

HUBTACK, INC., demands judgment on behalf of HubTack as follows:

a.    For an accounting by PARKER of all financial benefits received or mismanaged from HubTack and for a judgment in favor of HubTack against PARKER for such sums in the event that they do not turn over said sums to HubTack;

b.    For the Company to be dissolved pursuant to 805 ILCS 5/12.56;

c.    For the reimbursement to ALLEN and HubTack of all costs and reasonable legal expenses incurred in connection with having to bring this action; and

d.    ALLEN may be awarded any other relief in the premises as the nature and premises of this case may require and as the court deems necessary and just.


Respectfully submitted,

ARLENE ALLEN, individually, and derivatively on behalf of HUBTACK, INC., an Illinois Corporation,


BY: /s/ George S. Bellas
        GEORGE S. BELLAS,
        One of Plaintiffs' Attorneys

George S. Bellas (*george@bellas-wachowski.com*)
Misty J. Cygan (*misty@bellas-wachowski.com*)
BELLAS & WACHOWSKI
15 N. Northwest Highway
Park Ridge, Illinois 60068
(847) 823-9034
Cook County Attorney ID# 22565